| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN EDGE, ) | |
| Defendant. ) | |

This matter is before the court on Defendant's December 7, 2010 Motion to Receive Court Documents [DE-44] free of charge. Defendant states that he is attempting to challenge the conviction and sentence rendered by this court and requests copies of sentencing transcripts, plea hearing colloquy, docket sheet, and any pre-plea documents. Defendant asserts that he is without the financial means to pay and asks the court to provide these documents without cost to him.

Section 753(f) of Title 28, United States Code addresses the circumstances under which documents may be provided to indigent criminal defendants at the government's expense. Section 753(f) provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). Because there is no constitutional requirement that an indigent defendant be supplied free transcripts (or other court documents) in order to collaterally attack a

conviction or sentence, the defendant must show a "particularized need" for the documents. *See United States v. MacCollum*, 426 U.S. 317, 323-30 (1976); *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975). An indigent may be entitled to a transcript at the government's expense if he has stated a proper ground for relief and a transcript is indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.*

On October 5, 2009, Defendant pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Plea Agreement, Defendant, knowingly and expressly, waived all rights to appeal conferred by 18 U.S.C. § 3742 including:

> any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the Defendant's guilty plea.

In other words, Defendant retained his right to contest his conviction or sentence only on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time he pled guilty.

Here, Defendant does not assert that the challenge to his conviction and sentence is based upon ineffective counsel or prosecutorial misconduct, nor does he manifest a "particularized need" for the requested court documents. Defendant states only that he is "attempting to make a challenge to the conviction and sentence rendered in this Court" [DE-44].

Because Defendant's request for free copies of court documents shows neither a "particularized need" nor a proper ground for relief, his Motion to Receive Court Documents

2

[DE-44] free of charge is DENIED without prejudice to renew such request, if appropriate, upon the proper showing.

SO ORDERED.

This 20th day of December, 2010.

JAMES C. FOX
Senior United States District Judge